IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARRY C. RUTHERFORD | § | |
| | § | |
| Petitioner, | § | |
| | § | NO. 3-07-CV-1080-G |
| VS. | § | |
| | § | (Consolidated With: |
| NATHANIEL QUARTERMAN, Director | § | No. 3-07-CV-1111-G |
| Texas Department of Criminal Justice, | § | No. 3-07-CV-1317-G) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Harry C. Rutherford, appearing *pro se*, has filed three applications for writs of

habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, all three applications

should be dismissed on limitations grounds.

I.

In 2004, a Dallas County grand jury charged petitioner in separate indictments with two

counts of aggravated sexual assault. One case was filed under Cause No. F04-51063. The other case

was filed under Cause No. F04-51064. Petitioner pled guilty to both indictments and was sentenced

to 45 years confinement in each case. No appeal was taken. Instead, petitioner filed a total of four

applications for state post-conviction relief. Two state writs, one for each conviction, were denied

without written orders on the findings of the trial court. *Ex parte Rutherford*, Nos. 65,752-01 &

65,752-02 (Tex. Crim. App. Nov. 8, 2006). Two other state writs also were denied. *Ex parte

Rutherford*, Nos. 65,752-03 & 65,752-04 (Tex. Crim. App. May 23, 2007). While petitioner's

second set of writs were pending before the Texas Court of Criminal Appeals, he sought federal

habeas relief with respect to his conviction in Case No. F04-51063. *Rutherford v. Quarterman*, No. 3-07-CV-1111-G.[1] Two more federal writs, one challenging his conviction in Case No. F04-51063 and one attacking his conviction in Case No. F04-51064, followed. *Rutherford v. Quarterman*, Nos. 3-07-CV-1080-G & 3-07-CV-1317-G. All three cases have been consolidated and are ripe for determination.

## II.

Petitioner presents identical grounds for relief in all three of his federal writs: (1) his guilty pleas were involuntary; (2) the evidence was insufficient to support his convictions; (3) he received ineffective assistance of counsel at trial; and (4) his attorney failed to perfect an appeal.

By order dated June 22, 2007, the court *sua sponte* questioned whether these cases were time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner addressed the limitations issue in a written reply filed on July 25, 2007. The court now determines that all three cases should be dismissed on limitations grounds.

## A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[1] Petitioner filed his first federal writ in the Tyler Division of the Eastern District of Texas. Because petitioner was convicted and sentenced by a Dallas County criminal district court, the case was transferred to the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 2241(d).

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

## B.

Petitioner pled guilty to two charges of aggravated sexual assault and was sentenced to a total of 45 years confinement. Judgments in each case were entered on October 10, 2005, and petitioner did not appeal either conviction. Therefore, his convictions became final for limitations purposes 30 days thereafter on November 9, 2005. *See* TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner filed two state writs, one challenging each conviction, on July 10, 2006. Both writs were denied on November 8, 2006. Two other state writs, one for each conviction, were filed on March 19, 2007. Those writs were denied on May 23, 2007. On May 16, 2007, while his second set of state writs were pending, petitioner filed an application for writ of habeas corpus in federal court. Two more federal writs were filed on June 15, 2007.

The AEDPA statute of limitations started to run on November 9, 2005, when petitioner's convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from July 10, 2006 until November 8, 2006, a total of 122 days, while two properly filed applications for post-conviction relief were pending in state court. *Id.* § 2244(d)(2). Even allowing for this tolling period, petitioner waited until March 19, 2007 to file his second set of state writs and until May 16, 2007 to file his first federal writ--eight days and 66 days, respectively, after the AEDPA statute of limitations expired.

In an attempt to avoid the dismissal of his cases on limitations grounds, petitioner argues that the statute of limitations did not begin to run until the Texas Court of Criminal Appeals denied his second set of state writs on November 8, 2006. That argument is contrary to the plain language of the federal habeas statute, which provides that the limitations period shall run from "the date on which the judgment became final *by the conclusion of direct review or the expiration of the time for seeking such review*[.]" *Id.* § 2244(d)(1)(A) (emphasis added). *See also Ugwonali v. Cockrell*, No. 3-02-CV-0727-D, 2002 WL 31015640 at *2 (N.D. Tex. Sept. 6, 2002), *citing Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998) (operative date for limitations purposes is when the conviction becomes final after state appellate review, not upon the completion of state habeas review). Here, petitioner's convictions became final for limitations purposes on November 9, 2005--the date on which the time for seeking direct review expired. Because petitioner does not argue, much less prove, any grounds for equitable tolling of the limitations period, all three of his federal writs are time-barred.

## **RECOMMENDATION**

Petitioner's applications for writs of habeas corpus are barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE